United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MORIN, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 1:25-cv-237 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | | |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## I. Summary

Plaintiff Jose Morin ("Plaintiff") sues the Unites States ("Defendant" or the Government") under the Federal Tort Claims Act ("FTCA") for a vehicle collision that occurred on October 22, 2023. Plaintiff claims that a United States Department of Homeland Security/United States Customs and Border Protection employee, Chrystian Luciano-Rodriguez, negligently rear-ended his vehicle by failing to keep a proper lookout, brake in time, and properly operate his vehicle. Dkt. No. 1 ¶ 9. In its Motion for Judgment on the Pleadings ("Motion"), the Government argues that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff had already entered a nolo contendere plea for an unsafe passing offense arising from the same collision. Dkt. No. 29 at 1–2. The Court agrees, finding that Morin's FTCA claim would imply the invalidity of his prior conviction. Accordingly, the Court recommends granting Defendant's Motion and dismissing Plaintiff's Complaint.

## II. Jurisdiction and Venue

This Court retains jurisdiction of this case pursuant to Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) and § 2671, *et seq.*, which vests subject-matter jurisdiction of tort claims against the United States of America in the Federal District Courts.

Venue is proper in this district because the United States of America is a Defendant and, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving

rise to this claim occurred in the Southern District of Texas, namely Brownsville, Texas. Dkt. No. 1.

## III. Factual and Procedural Background

This case revolves around a vehicle collision that occurred on October 22, 2023, in Brownsville, Texas. Dkt. No. 1 ¶ 9.

On October 20, 2025, Plaintiff timely filed a Complaint against the United States. Dkt. No. 1. In his Complaint, Plaintiff claims that a United States Department of Homeland Security/United States Customs and Border Protection employee, Chrystian Luciano-Rodriguez, negligently rear-ended his vehicle by failing to keep a proper lookout, brake in time, and properly operate his vehicle. Dkt. No. 1 ¶ 9.

On January 5, 2026, the Government filed an Answer to the Complaint. Dkt. No. 13. Parties agree that the deadline to add parties or amend the Complaint expired on April 20, 2026. Dkt. Nos. 20; 29 at 2; 30 at 2.

On July 30, 2026, the Government filed a Motion for Judgment on the Pleadings. Dkt. No. 29. With its Motion, the Government includes numerous attachments, such as a crash report generated by Brownsville Police Officer Ryan Bowman (Dkt. No. 29-1) and Plaintiff's nolo contendere plea in Municipal Court (Dkt. No. 29-2). The Government argues that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff had already entered a nolo contendere plea for an unsafe passing offense arising from the same incident. Dkt. No. 29 at 1–2.

Plaintiff filed a Response to Defendant's Motion on August 20, 2026, arguing his FTCA claim is not necessarily at odds with the unsafe passing offense. Dkt. No. 30 at 5. On August 21, 2026, the Government filed a Reply to Plaintiff's Response, contending that: "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." Dkt. No. 31 at 2 (quoting *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008) (other citations omitted).

## IV. Standard of Review

### *A. Federal Rule of Civil Procedure 12(c)*

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Vardeman v. City of Houston*, 55 F.4th 1045, 1049-50 (5th Cir. 2022).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### *B. Judicial Notice*

Generally, the court may consider only the allegations in the complaint and any attachments when ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan*

*Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

Further, the Court can consider and take judicial notice of matters that are of public record, including pleadings that have been filed in state court, without converting Defendant's Motion for Judgement on the Pleadings into a motion for summary judgment. *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

***C. Heck Doctrine Applies to FTCA Suits and State Traffic Convictions, including pleas of "nolo contendere."***

The Federal Tort Claims Act waives the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by habeas corpus. *Turnbaugh v. United States*, 2019 WL 3804978, at *3 (N.D. Tex., 2019) (citing *Heck*, 512 U.S. 477). A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam).

Numerous courts within the Fifth Circuit have held that *Heck* also applies to FTCA actions that imply the invalidity of a conviction.[1] Thus, a plaintiff's complaint bringing a

---

[1] *Cheek v. United States*, 2020 WL 6162045, at *5 (N.D. Tex., 2020); *Turnbaugh v. United States*, No.3:17-cv-334-L (BH), 2019 WL 3804978, at *4 (N.D. Tex. July 2, 2019), report and recommendation adopted, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019) (citing *McLeod v. United States*, Nos. 6:05-cv-255, 6:05-cv-275, 2006 WL 8440427, at *2 (N.D. Tex. Mar. 30, 2016) (internal citation omitted)); *see also Ruiz v. United States*, 664 F. App'x 130, 134 (3rd Cir. Oct. 20, 2016) (recognizing that FTCA claim that would result in a finding that good conduct time had been improperly deducted "would raise the same problems that led the Supreme Court to hold in *Heck* and *Edwards* that no constitutional civil rights cause of action accrued"); *Hinton v United States*, 91 F. App'x 491, 492 (6th Cir. Mar. 17, 2004) ("[P]laintiff's claims are not

FTCA action must be dismissed if it would imply the invalidity of the plaintiff's conviction or sentence, unless said conviction or sentence has been revered, expunged, or invalidated by a state tribunal.

Previous Fifth Circuit courts have equally concluded that a plea of no contest constitutes a conviction for *Heck* purposes. *Phillips v. City of Baytown*, No. 4:22-CV-2197, 2023 WL 4163062, at *10 n.11 (S.D. Tex. March 3, 2023) (citing *Stepp v. Boswell*, No. 4:19-CV-03862, 2022 WL 1121039, at *1 (S.D. Tex. Apr. 14, 2022)) (other citations excluded). Similarly, the Fifth Circuit has applied *Heck* in cases where the underlying state conviction or plea of no contest stemmed from traffic-related offenses. *See Algoe v. State*, No. 3:15-CV-1162-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016), report and recommendation adopted 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016)[2]; *Butler v. Dye*, No. 3:16-CV-184-D-BK, 2016 LEXIS 165909, at *7 ((N.D. Tex. October 27, 2016).

## V. Analysis

### *A. The Court takes Judicial Notice of Brownsville Police Report and Plaintiff's nolo contendere plea.*

In this case, Defendant asks the Court to take judicial notice of a Brownsville Police Officer's crash report of the related incident and Plaintiff's nolo contendere plea in Municipal Court. Dkt. No. 29 at 2. As Defendant states, previous federal courts have taken judicial notice of police reports on a Rule 12(b)(6) motion. *See Dubash v. City of Houston,* No. 4:23-CV-3556, 2024 WL 4351351, at *4, n.6 (S.D. Tex. Aug. 26, 2024), *report and recommendation adopted,* 2024 WL 4355196 (S.D. Tex. Sept. 30, 2024). Further, where, as here, a plaintiff's claims are possibly barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), courts within this circuit have routinely taken judicial

---

cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's prison disciplinary conviction") (citing *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995)).

[2] "Plaintiff's civil rights claims are all predicated on his traffic citations and the revocation of his driver's license, and he is expressly challenging the validity of his convictions.... [H]e has failed to show that they have been reversed, expunged, invalidated, or called into question. Accordingly, his civil rights claims [are] barred by the Heck doctrine." *Algoe*, 2016 WL 6902154, at *9.

notice of state court judgments in ruling on Rule 12(b)(6) and Rule 12(c) motions. *Justice v. Moreau*, 2025 WL 806639, at *4 (E.D. Tex., 2025) (other citations omitted). The Court notes that Plaintiff does not indicate any disagreement with the inclusion of the police report nor municipal court judgment. *See generally* Dkt. No. 30.

Accordingly, the Court will take judicial notice of the Brownsville Police Officer's crash report (Dkt. No. 29-1) and Plaintiff's nolo contendere plea (Dkt. No. 29-2) in considering Defendant's Motion for Judgment on the Pleadings. However, the undersigned is careful to note that judicial notice is only being taken of the fact that a municipal court plea of nolo contendere was rendered and a crash report was administered. The Court does not make any fact findings in connection to the police officer's crash report. *See generally Justice*, 2025 WL 806639, at *4 (E.D. Tex., 2025).

### ***B. The Factual Allegations in Plaintiff's pleadings imply the invalidity of his Municipal No Contest Plea.***

Having found that *Heck* may apply to FTCA suits involving a previous traffic no-contest plea, the sole issue presented by the Government's Motion is whether Plaintiff's FTCA suit challenges the validity of his earlier no-contest conviction for unsafe passing. Dkt. No. 29 at 3; Dkt. No. 30 at 1. The Government argues that the negligence theory pled in Plaintiff's Complaint "contradicts the essential factual basis of his conviction." Dkt. No. 29 at 8. Plaintiff counters that his FTCA claim does not necessarily conflict with the unsafe passing offense, since both he and the Government's employee could be found negligent without invalidating his prior conviction. Dkt. No. 30 at 5. For the reasons stated below, the Court finds that Plaintiff's FTCA claim implies the invalidity of his prior plea and, therefore, *Heck* bars his claim.

Under Fifth Circuit precedent, Plaintiff must clear two hurdles to avoid dismissal under *Heck*. *Sampy v. Rabb*, 144 F.4th 796, 799 (5th Cir. 2025). First, the factual basis for his conviction must be "temporally and conceptually distinct from the excessive force claim." *Id*. (quoting *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)). In the criminal context, the Fifth Circuit has interpreted this requirement to mean that the underlying

conviction and the facts pled in Plaintiff's present Complaint must not have stemmed from one single incident. "[A] claim that excessive force occurred *after* the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." *Bush*, 513 F.3d at 498 (emphasis added). Plaintiff must therefore "produce evidence that the alleged excessive force occurred after [he] stopped" kicking the officers. *Bush*, 513 F.3d at 500. While the chronology of events is critical, whether a claim is temporally and conceptually distinct is not discerned with mathematical precision. *Sampy*, 144 F.4th at 799. The Court sees no reasons not to extend this temporal requirement to civil actions. Accordingly, if an earlier conviction and a current suit both stem from a single encounter, Plaintiff's claim is *Heck*-barred. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007).

Second, the facts articulated in Plaintiff's complaint must be consistent "with the facts actually or necessarily adjudicated adversely to [him] in the criminal proceeding." *Sampy*, 144 F.4th at 799 (quoting *Bush*, 513 f.3d at 498). "[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush*, 513 f.3d at 498, n.14 (alteration in original) (quoting *McCann v. Neilsen*, 466 f.3d 619, 621 (7th Cir. 2006)).

Plaintiff satisfies neither requirement. The basis for his conviction is not temporally and conceptually distinct from his negligence claim, and the facts in his complaint are inconsistent with those necessarily adjudicated against him in the traffic ticket conviction.

Applying the first requirement, the Court finds that the basis for Plaintiff's conviction is not temporally and conceptually distinct from his current FTCA claim. Plaintiff alleges one cause of action under the FTCA, arguing that the Government's employee is "guilty of negligence by failing to maintain control of his vehicle, failing to pay attention, failing to keep a proper lookout, and failing to timely apply his brakes, which caused the collision complained of and were the cause of JOSE MORIN's injuries and damages." Dkt. No. 1 at 5. However, Plaintiff previously entered a nolo contendere plea

for failing to pass safely arising from the *same collision* alleged in his Complaint. Dkt. No. 29-2. Plaintiff does not dispute this fact. Dkt. No. 30 at 2. In fact, in his counterarguments to the Government, Plaintiff further highlights that he is alleging that "both Plaintiff and Defendant's driver Rodriguez, could have *simultaneously* been operating their vehicles negligently." Dkt. No. 30 at 7 (emphasis added). Thus, it is clear to the Court that Plaintiff's FTCA claim and prior conviction both stem from a single continuous encounter, and as a result, his suit is barred by *Heck*.

Regarding the second requirement, the Court finds that the facts in Plaintiff's Complaint are inconsistent with those necessarily adjudicated against him in the criminal case. Plaintiff's Complaint describes the collision simply: the Government's employee rear-ended him because of the employee's own negligence. Dkt. No. 1 at 5. The Complaint did not mention Plaintiff's prior nolo contendere plea of unsafe passing to the right.[3] *See generally* Dkt. No. 1. Comparing the facts alleged in Plaintiff's FTCA Complaint to those adjudicated against him in his traffic conviction, the Court admits that the facts stated on Plaintiff's prior nolo contendere plea are minimal. *See* Dkt. No. 29-2 at 5. The judgment includes no facts on the collision. *Id*. While the Court is careful not to make any findings of fact, it has already concluded that it may take judicial notice of the Texas Peace Officer's Crash Report. *See* Dkt. No. 29-1. It thus considers the Report as the facts underlying Petitioner's nolo contendere plea, which states: "Both Unit 1 and 2 were traveling east on the 7700 block of Padre Hwy…Unit 1 proceeded to change lanes when unsafe from Lane 2 into Lane 1, causing the back left of Unit 1 to strike the front right of Unit 2."[4] *Id*. at 2.

---

[3] "**(a)** An operator may pass to the right of another vehicle only if conditions permit safely passing to the right and:

> **(1)** the vehicle being passed is making or about to make a left turn; **and**
>
> **(2)** the operator is:
>
> > **(A)** on a highway having unobstructed pavement not occupied by parked vehicles and sufficient width for two or more lines of moving vehicles in each direction; **or**
> >
> > **(B)** on a one-way street or on a roadway having traffic restricted to one direction of movement and the roadway is free from obstructions and wide enough for two or more lines of moving vehicles."

Texas Transportation Code § 545.057(a).

[4] The Court understands that Plaintiff's car was "Unit 1" while the Government's employee was driving "Unit 2."

Comparing these facts underlying Plaintiff's prior conviction and those mentioned in Plaintiff's Complaint, the Court finds them inconsistent. Plaintiff's conviction under Texas Transportation Code § 545.057 necessarily determined that Plaintiff made an unsafe passing or lane-change movement, meaning he did not simply get struck from behind as his FTCA complaint alleges. Dkt. No. 29 at 6-7.

While Plaintiff attempts to argue that both he and the Government's employee could be found negligent without invalidating his prior conviction, the Court finds this argument unpersuasive. As previously stated, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)).

Further, the Court finds Plaintiff's arguments regarding Texas's proportionate-responsibility statute unconvincing. As the Government argues, *Heck* application occurs before the merits of the claim are addressed. *Caldwell v. Lambert*, No. CIV.A. 10-0526, 2011 WL 3100386, at *3 n.6 (W.D. La. June 21, 2011), report and recommendation adopted, 2011 WL 3106571 (W.D. La. July 25, 2011) ("Because of the undersigned's recommended resolution of the Heck issue, the court does not reach the merits of plaintiff's claims for unlawful search and seizure.")

## VI. Recommendation

For the reasons stated above, it is recommended that Plaintiff's claims be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.[5]

[5] Claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Foster v. Avelar*, 2026 WL 516917, at *3 (E.D. Tex., 2026) (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)). The Fifth Circuit labels this the "preferred" language for *Heck* dismissals. *Id.* The language allows the caveat that plaintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims "until" those conditions are met. *Cook v. City of Tyler, Texas*, 974 F.3d 537, 539 (5th Circ. 2020). "That is, a *Heck* dismissal is a dismissal without prejudice." *Id.*

Accordingly, it is recommended that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 29) be **GRANTED**.

**VII. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

Signed on October 22, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge